FILED

March 9, 2017

TN COURT OF
WORKERS'
COMPENSATION
CLAIMS

Time 3:45 PM



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT MEMPHIS

| | | |
|---|---|---|
| **ANDRES MEZA,** | ) | **Docket No.  2016-08-0900** |
| **Employee,** | ) | |
| **v.** | ) | |
| **HAMILTON-ELLES,** | ) | **State File No. 60537-2016** |
| **Employer,** | ) | |
| **And** | ) | |
| **RIVERPORT INS. CO.,** | ) | **Judge Allen Phillips** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER DENYING MEDICAL AND
## TEMPORARY DISABILITY BENEFITS

---

This matter came before the undersigned Workers' Compensation Judge on February 28, 2017, upon the Request for Expedited Hearing filed by Andres Meza. Mr. Meza requested medical and temporary disability benefits for an alleged March 15, 2016 back injury. Hamilton Elles contended Mr. Meza neither timely reported his alleged injury nor established that it arose primarily out of his employment. Accordingly, the central legal issues are whether Mr. Meza came forward with sufficient evidence demonstrating that he provided proper notice of his injury and that his injury arose primarily out of his employment. The Court finds he did not and, accordingly, holds he is not entitled to the requested benefits.

### History of Claim

Mr. Meza performed concrete work for Hamilton Elles. On March 15, 2016, he allegedly twisted his back when he and co-employees were moving a piece of heavy equipment. Mr. Meza stated he reported the incident to "Paul," whom he described as a "foreman." Mr. Meza testified that "nothing" happened following his reporting, including, as pertinent here, Hamilton Elles not providing medical treatment. Thus, Mr. Meza sought care on his own.

1

He first saw a nurse practitioner at Life Doc, his primary care clinic. He offered no actual records from Life Doc but only return-to-work slips. However, a record from Diagnostic Imaging indicates the nurse practitioner referred him for an MRI that revealed a herniated lumbar disc. This prompted the practitioner to refer Mr. Meza to a surgeon.

On June 30, Mr. Meza saw Dr. Maurice Smith, a neurosurgeon, who recorded a three-month history of "persistent low back pain." Dr. Smith noted Mr. Meza's "significant manual labor" in "construction with heavy concrete," but he stated: "[Mr. Meza] does not remember a specific incident that started his pain[.]" At the conclusion of the note, Dr. Smith stated he "would avoid any operative intervention" but did recommended an epidural block. He also advised Mr. Meza to continue physical therapy as recommended by his nurse practitioner. Apart from the records of the epidural block and physical therapist, no other medical records are in evidence.

Mr. Meza stated he was only capable of working "twenty-five hours" per week after the injury. However, Hamilton Elles introduced payroll records indicating Mr. Meza worked forty-plus hours per week from March 2016 through July 2016. Mr. Meza recalled his last day at Hamilton Elles was in "June," when he claims he was fired after saying he was considering retaining an attorney.

David Hamilton, Vice-President of Operations, testified Mr. Meza had been an employee of Hamilton Elles since its inception in 1999. Mr. Meza had worked for Mr. Hamilton at another concrete contractor before coming with him to assist in the company's start-up, a process for which Mr. Hamilton stated he "needed" Mr. Meza. Other than four or five years when he worked elsewhere, Mr. Meza had worked consistently for Hamilton Elles since 1999.

Mr. Hamilton stated Mr. Meza was a foreman whose job required "scheduling, tools and manpower." Mr. Meza is equal to "Paul," and as a result should have reported any injury to Mr. Hamilton or the office manager. Mr. Hamilton first learned of the March incident in July 2016. Before then, neither Mr. Meza nor anyone else had advised him of the alleged back injury. Instead, Mr. Hamilton only knew Mr. Meza complained of back issues for some time and was seeking treatment through his group health insurance.

In July 2016, Mr. Meza angrily confronted Mr. Hamilton at a job site demanding to know when the company was going to pay his medical bills. Mr. Meza stated the company had "done nothing" for him, and asserted it "needed to do something about my back." Mr. Hamilton replied that Hamilton Elles provided health insurance, a company vehicle for travel to and from medical appointments, and that it did not deduct time spent

at those appointments from Mr. Meza's pay. The argument ended when Mr. Meza cursed Mr. Hamilton and left the job site. He never returned.

Three weeks after leaving Hamilton Elles, Mr. Meza obtained full-time employment at another concrete contractor. He remains employed but noted he treats with a chiropractor for his back.

Mr. Meza contends Hamilton Elles should pay his past medical bills and continue to provide future care. He produced copies of bills from the providers named above which indicate insurance "deductions" and payments by Mr. Meza. Mr. Meza testified he had receipts for payments he made but "did not have them with [him]."

Hamilton Elles argued Mr. Meza obtained health insurance through the company, and that it was only when he realized the group plan did not pay the bills in full, excluding deductibles and copays, that Mr. Meza reported a work injury. It also pointed to the lack of medical causation.

### Findings of Fact and Conclusions of Law

*Standard applied*

Because this case is in a posture of an Expedited Hearing, Mr. Meza need not prove every element of his claim by a preponderance of the evidence. Instead, he must come forward with sufficient evidence from which the court can determine he is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2016); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-*9 (Mar. 27, 2015). Though he has elected to represent himself, as is his right, Mr. Meza still "must comply with the same standards to which parties with legal counsel must adhere." *Thurmond v. Yates Servs.*, 2015 TN Wrk. Comp. App. Bd. LEXIS 34, at *5 (Sept. 8, 2015).

*Notice*

Under Tennessee law in place at the time of the injury, an injured worker is required to provide notice "immediately upon the occurrence of an injury or as soon thereafter as is practicable." Tenn. Code Ann. § 50-6-201(a)(1) (2015). Further, unless written notice is given to the employer within thirty days after the occurrence of an incident, the employee cannot receive benefits unless he offers a reasonable excuse for failing to provide notice. The notice to the employer must state "in plain and simple language, the name and address of the employee and the time, place, nature, and cause of the accident resulting in injury or death." Tenn. Code Ann. § 50-6-201(a)(2) (2015).

3

Here, Mr. Meza claimed he reported his injury to an employee he described as a foreman. However, Mr. Hamilton refuted that the co-employee occupied a higher position than Mr. Meza. He also testified credibly that the first knowledge he had of the alleged injury came four months later in July 2016.

The Court finds the evidence supports Hamilton Elles on the notice issue. First, the Court believes Mr. Hamilton's testimony that Mr. Meza was a foreman who should report injuries to either Mr. Hamilton or the office staff. Second, the evidence establishes a long relationship between the two men conducive to Mr. Meza telling Mr. Hamilton he had been injured in March. The Court finds Mr. Hamilton's explanation of the relationship between the men and the summary of the events more believable. Third, there is no indication Mr. Meza sought medical care until at least May 2016, based upon work slips from Life Doc, and there is no mention of any specific event to Dr. Smith one month later. This is consistent with Mr. Meza not reporting an injury to Hamilton Elles prior to July. Finally, the medical bills submitted by Mr. Meza indicate payments or deductions because of insurance coverage. These payments are consistent with Mr. Hamilton's testimony that Hamilton Elles provided Mr. Meza insurance coverage, and it was only after insurance did not pay in full that he confronted Mr. Hamilton.

In summary, the Court finds Mr. Meza did not come forward with sufficient evidence to show a likelihood of prevailing at a hearing on the merits on the issue of notice.

*Causation*

To be compensable, Mr. Meza must show his alleged injury arose primarily out of and in the course and scope of his employment and that it was caused by an incident, or specific set of incidents, identifiable by time and place of occurrence. Tenn. Code Ann. § 50-6-102(14)-(14)(A) (2016). Further, he must show, "to a reasonable degree of medical certainty that [his alleged work injury] contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14)(C) (2016).

In evaluating the contribution of the alleged injury to his need for medical treatment, the Court first addresses Mr. Meza's testimony. Mr. Meza offered no corroborating evidence of the March 15 event. For his part, Mr. Hamilton testified he knew nothing of the March event and first learned of any alleged injury in July 2016. Given no corroboration of the March incident, Mr. Meza's continued work for more than five months thereafter, and the fact he did not see a physician until June 30, the Court finds Mr. Meza did not come forward with sufficient evidence that he would likely prevail at a hearing on the merits regarding the occurrence of a specific incident.

4

However, even if he had, the Court finds an absence of medical evidence showing a causal connection between the incident and the need for medical treatment.

In so finding, the Court considers the medical evidence in conjunction with Mr. Meza's testimony. *See Nance v. Randstad,* 2015 TN Wrk. Comp. App. Bd. LEXIS 15, at *9 (May 27, 2015). Dr. Smith's record is the only medical expert record in evidence. This record reveals that Mr. Meza first saw Dr. Smith on June 30. At that time, Dr. Smith recorded that Mr. Meza performed manual labor and had "been hurting for three months." Though a three-month period is roughly consistent with the alleged March date of injury, Dr. Smith also stated Mr. Meza, "[did] not remember a specific incident." Moreover, Dr. Smith offered no opinion regarding causation. The lesser evidentiary standard of an Expedited Hearing does not relieve Mr. Meza's burden of producing some evidence of an injury arising primarily out of and in the course and scope of employment, even if that evidence does not rise to the level of a "preponderance of the evidence." *Buchanan v. Carlex Glass Co.,* 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Sept. 29, 2015).

In the absence of adequate evidence of medical causation, the Court must deny Mr. Meza's request for benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Meza's claim for benefits is denied at this time.

2. This matter is set for a Scheduling (Status) Hearing on **Thursday, April 27, 2017, at 11:00 a.m. Central time. You must call toll-free at 731-422-5263 or toll-free 855-543-5038 to participate in the Hearing.**

**ENTERED this the 9th day of March, 2017.**

**Allen Phillips, Judge**
**Court of Workers' Compensation Claims**

5

## APPENDIX

Exhibits:

1. Medical Records of Diagnostic Imaging and Semmes-Murphey Clinic
2. Affidavit of Mr. Meza
3. Medical Records of Baptist Medical Group-Physical Therapy
4. Medical Records of Life Doc
5. Medical Bills of Life Doc, Semmes-Murphey Clinic, and Diagnostic Imaging
6. Mr. Meza's Employee Pay Record from Hamilton Elles

Technical record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Answer of Employer and Insurer
4. Request for Expedited Hearing
5. Order Denying Request for Decision on the Record and Setting Case for Evidentiary Hearing

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 9th day of March, 2017.

| Name | First Class Mail | Via Email | Service Sent To: |
|---|---|---|---|
| Andres Meza, Self-Represented Employee | X | X | andresmeza@bellsouth.net 7034 Cross Timber Lane Memphis, TN 38125 |
| Ryan Sarr, Esq., Attorney for Employer | | X | rsarr@morganakins.com |

*Penny Shrum*

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

7